IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

   v.

ROBERT MIELKE, BENJAMIN BLIVEN,
MATTHEW BARNES, TODD BAETEN,
ROY E. UMLAUF, MARATHON COUNTY CEO,
SHIRLY LANG, LAURIE BURNS, SCOTT R. PARKS,
SANDRA LA DU-IVES, SHEILA WESTCOTT,
NATHAN R. KAUER, JOHN R. DENOVI,
BRETT T. KLUG, BEE J. LEE, JESSICA M. HINZ,
SHAWN P. BLASCHKA, LINCOLN COUNTY CEO,
JEFF JAEGER, DAVE MANNINEN,
CORRECT CARE SOLUTIONS, CEO OF CCS,
DOCTOR OF CCS, NURSE PRACTITIONER OF
CCS, REGISTERED NURSE OF CCS, and LPN OF
MEDICAL CONTRACTOR,

                Defendants.

OPINION and ORDER

18-cv-540-jdp

---

Pro se plaintiff and prisoner Dante Voss filed a 77-page complaint in which he challenged the conduct of police officers and numerous officials and entities associated with the Marathon County Jail and the Lincoln County Jail, where Voss was housed multiple times throughout 2015, 2016, and 2017. Voss has responded to the order in which I concluded that his complaint violates Rule 20 of the Federal Rules of Civil Procedure and directed him to narrow or sever his claims. As explained in more detail below, I will: (1) assign No. 18-cv-540-jdp to Voss's medical care claims; (2) open a new case for Voss's excessive force claims against correctional officers at the Marathon County Jail; and (3) dismiss Voss's remaining claims without prejudice to his refiling them at a later date.

ANALYSIS

In my August 30, 2018 order, I concluded that Voss's complaint violated Rule 20 and Rule 21 of the Federal Rules of Civil Procedure because it included unrelated claims against different defendants. I identified four potential lawsuits in the complaint:

1) several officers used excessive force against him in the context of an arrest in July 2016 and other officers failed to intervene, in violation of state and federal law;

2) between 2015 and 2017, various health-care providers and supervisory officials failed to provide adequate medical care for chronic pain in his back, neck, hip, and shoulder, in violation of state and federal law;

3) various county officials failed to give him adequate notice of debts he allegedly owed related to multiple court cases and defendant Laurie Burns breached a contract with him not to "take any action on the debts," in violation of state and federal law; and

4) various jail officials failed to give him adequate notice of deductions to his trust fund account and of debts he allegedly owed, in violation of state and federal law.

I directed Voss to choose which claims he wants to pursue in this case, which claims (if any) he wants to pursue in a different case, and which claims (if any) he wants to dismiss without prejudice to refiling them at a later date. I also denied Voss's first motion for assistance in recruiting counsel on the ground that he was capable of choosing which lawsuits he wanted to litigate. A few weeks later, I denied a second request for counsel for the same reasons.

In his response, Voss says that the first proposed lawsuit identified by the court is actually two distinct sets of claims: one set of claims for excessive force against *police* officers and one set of claims for excessive force against *correctional* officers. Dkt. 15. at 1–2. He also says that he wishes to dismiss the excessive force claims against the police officers as well as the claims that make up proposed lawsuit 3) identified above. *Id.* at 4. But he believes that proposed lawsuit 2), proposed lawsuit 4), and the excessive force claims against correctional officers are properly joined. *Id.* at 2–3. If the court disagrees with that conclusion, he wishes to

proceed with proposed lawsuit 2) under No. 18-cv-540, proceed with the excessive force claims against the correctional officers under a new case number, and dismiss the claims that make up proposed lawsuit 4).

For the reasons discussed in the August 30, 2018 order, I conclude that none of the proposed lawsuits are properly joined. In sum, each of the proposed lawsuits relates to a different issue and arises out of a different set of facts. Although Voss makes multiple conclusory assertions that his claims are related, he has not shown that there is any factual overlap among the proposed lawsuits.

As described in more detail in the order below, I will assign No. 18-cv-540-jdp to proposed lawsuit 2). I will assign No. 18-cv-848-jdp to Voss's excessive force claims against the correctional officers. And I will dismiss all other claims and defendants without prejudice to Voss's refiling them at a later date.

ORDER

IT IS ORDERED that:

1. In accordance with Voss's instructions, I will assign No. 18-cv-540-jdp to the following claims:

    (1) as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, an unidentified nurse denied Voss narcotic pain medication on June 2, and June 16–30, 2015, Dkt. 1, ¶¶ 107–14;

    (2) as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, an unnamed nurse practitioner denied Voss's requests for an MRI of his hip, neck, and back, and failed to provide any

effective treatment for that pain from 2015 to 2017, *id.*, ¶¶ 115–34 and ¶¶ 137–39;

(3) as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, an unnamed psychiatrist and an unnamed nurse practitioner refused to prescribe valium to help with nerve pain and post-traumatic stress disorder, *id.*, ¶¶ 135–36 and ¶¶ 140–41;

(4) between July 31 and August 3, 2017 and between December 14 and December 18, 2018, "the Defendants" failed to provide Voss a second mattress to help with his pain, *id.*, ¶¶ 143 and 147;

(5) between July 31 and August 3, 2017 and between December 14 and December 18, 2017, "the Defendants" failed to provide Voss's migraine and muscle relaxer medications, as a result of policies by defendants Marathon County, Lincoln County, Correct Care Solutions, the unnamed CEO of CCS, Jeff Jaeger, Scott Parks, Dave Manninen, and Sandra La Du-Ives, *id.*, ¶¶ 144 and 148.

2. I will screen these claims in a separate order in accordance with 28 U.S.C. §§ 1915 and 1915A.

3. I will assign No. 18-cv-848-jdp to the following claims:

(1) defendant John Denovi "forecefully ripped" Voss from a squad car, Dkt. 1, ¶ 61;

(2) defendants Denovi and Nathan Kauer secured Voss's arms in a manner that caused him "immense pain," *id.*, ¶¶ 62–66, ¶¶ 74–75 and ¶¶ 80–81;

(3) defendant Denovi and Kauer slammed Voss's head into a brick wall, *id.*, ¶¶ 69–72;

(4) defendants Denovi and Kauer "slammed [Voss] down on [a] concrete bunk," *id.*, ¶¶ 76–78;

(5) defendants Denovi and Kauer failed to seek medical help for Voss, *id.*, ¶¶ 83–86.

4. Voss may have until November 7, 2018, to submit a check or money order made payable to the clerk of court in the amount of $1.45 for No. 18-cv-848-jdp or advise the court in writing why he is not able to do so. If Voss does not have enough money

to make the initial partial payment from his regular account, he should arrange with prison authorities to pay the remainder from his release account.

5. All other claims and defendants not identified above are DISMISSED without prejudice to Voss's refiling those claims at a later date.

Entered October 18, 2018.

                                  BY THE COURT:

                                  /s/
                                  _____
                                  JAMES D. PETERSON
                                  District Judge