IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                  Plaintiff,

v.

NATHAN R. KAUER and JOHN R. DENOVI,

                  Defendants.

OPINION and ORDER

18-cv-848-jdp

---

Pro se plaintiff and prisoner Dante R. Voss moves for reconsideration of portions of the court's October 18, 2018 order severing this case from Case No. 18-cv-540-jdp and the court's December 3, 2018 screening order. Dkt. 7.[1] For the reasons explained below, I will allow Voss to proceed on a state-law assault claim against defendants Nathan R. Kauer and John R. Denovi and a claim against Marathon County and Scott Parks (Marathon County's sheriff) under a theory of respondeat superior. I will deny Voss's motion in all other respects.

ANALYSIS

The claims in this case were originally part of a 77-page complaint against many defendants about several different issues that arose between 2015 and 2017 while Voss was detained at Lincoln County Jail and Marathon County Jail. In the October 18 order, I severed this case from Case No. 18-cv-540-jdp, restricting this case to Voss's claims against defendants Nathan R. Kauer and John R. Denovi relating to an alleged use of force that occurred at Marathon County Jail in July 2016. Dkt. 1, at 4. In the December 3 screening order, I allowed

---

[1] Voss says he is challenging the screening order only, but some of his arguments relate primarily to the severance order.

Voss to proceed on claims that: (1) Kauer and Denovi used excessive force against Voss, in violation of the Due Process Clause and the Wisconsin common law of battery; and (2) Kauer and Denovi failed to provide medical care to Voss after the use of force, in violation of the Due Process Clause and the Wisconsin common law of negligence.

In his motion for reconsideration, Voss says that the court erred in four ways:

(1) failing to consider a state-law assault theory as to defendants Kauer and Denovi;

(2) failing to consider a failure-to-intervene theory as to several other proposed defendants;

(3) failing to consider a respondeat superior theory as to several other proposed defendants; and

(4) analyzing Voss's federal claim under the Due Process Clause instead of the Fourth Amendment.

I will consider each issue in turn.

A. Assault

Voss is correct that I overlooked his state-law assault claim against defendants Kauer and Denovi. Under Wisconsin law, civil assault requires an intent to cause physical harm or an intent to make a person fear that harm is imminent. WIS JI–Civil 2004. The same allegations that supported Voss's battery claim against Kauer and Denovi support an assault claim as well. Although it is questionable whether the assault claim adds anything to the lawsuit, Voss is the master of his complaint, so I will allow him to proceed on this claim as well.

B. Failure to intervene

Voss says that I should have allowed him to proceed him against the following defendants on a theory that they failed to intervene to stop Kauer and Denovi from using excessive force: Marathon County, Scott Parks (the sheriff), Sandra La Du-Ives (the jail administrator), Sheila M. Westcott (a jail lieutenant), Roy Umlauf (the arresting officer for the

2

Wausau Police Department who brought Voss to the jail), Brett Klug (a correctional officer), Bee Lee (a correctional officer), Jessica Hinz (a correctional officer), and Shawn Blashka (a correctional officer). Voss included the county and the other individuals in his complaint, but Voss did not object when I did not include them in the October 18 order setting the parameters of this lawsuit, so I did not consider any claims against them in the December 3 screening order.

Voss does not explain why he waited two months to object to the severance order. But because the case is still in its early stages, I will consider whether Voss may proceed on a failure-to-intervene theory against Marathon County, Parks, Du-Ives, Westcott, Umlauf, Klug, Lee, Hinz, and Blashka under federal or state law.

An officer can be held liable under the Constitution for failing to stop the use of force by another officer if the first officer had: (1) reason to know that a fellow officer was using excessive force or committing another constitutional violation; and (2) a realistic opportunity to intervene to prevent the act from occurring. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Because Voss doesn't explain where any of the proposed additional defendants were during the use of force, which portions of the use of force they could have observed (Voss alleges that Kauer and Denovi used excessive force at different locations), or how any of the other proposed defendants could have stopped any portion of the use of force, I will deny this part of Voss's motion. If Voss chooses to file an amended complaint, he will have to include more facts about those issues.

As for Voss's state-law claim, "there is no general duty to intervene" under Wisconsin law. *Winslow v. Brown*, 125 Wis. 2d 327, 331, 371 N.W.2d 417, 419 (Ct. App. 1985). In other words, the "mere presence at the commission of a tort, or the failure to object, is insufficient

to constitute concerted action." *Id.* Voss doesn't cite any Wisconsin authority that would have required the proposed defendants to intervene under the facts of this case, and I am unaware of such authority. So I will deny this aspect of Voss's motion for reconsideration as well.

**C. Respondeat superior**

Voss says that the same group of additional defendants (Marathon County, Parks, Du-Ives, Westcott, Umlauf, Klug, Lee, Klug, Hinz, and Blashka) can be held liable for the state-law claims under the doctrine of respondeat superior. Voss also says that defendants Robert Mielke (the mayor of Wausau), Benjamin Bliven (the police chief), Matthew Barnes (the deputy police chief), and Todd Baeten (a patrol captain) can be held liable under the doctrine of respondeat superior for any conduct by defendant Umlauf, who is a Wausau police officer.

Under the doctrine of respondeat superior, "a 'master' who has the requisite degree of control or right of control over the physical conduct of a 'servant' in the performance of the master's business will be held vicariously liable." *Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶ 27, 273 Wis. 2d 106, 122–23, 682 N.W.2d 328, 336. The doctrine is most often applied in the context of an employer-employee relationship, *e.g.*, *James Cape & Sons Co. ex rel. Polsky v. Streu Const. Co.*, 2009 WI App 144, ¶ 9, 321 Wis. 2d 522, 529, 775 N.W.2d 277, 280, but that is not necessarily required if the defendant at issue otherwise has the requisite degree of control. *Petzel v. Valley Orthopedics Ltd.*, 2009 WI App 106, ¶ 18, 320 Wis. 2d 621, 634, 770 N.W.2d 787, 793.

In this case, it is reasonable to infer from Voss's allegations that the county is Kauer and Denovi's employer and that defendant Parks (the sheriff) has sufficient control over Kauer and Denovi to make him vicariously liable for their actions as correctional officers. *E.g.*, *Durigan*

4

*v. Podratz*, 2009 WI App 174, ¶ 8, 322 Wis. 2d 572, 776 N.W.2d 287 (considering respondeat superior claims against county and sheriff for actions of deputy sheriffs). But the county is immune from liability for the intentional torts of its officers. Wis. Stat. § 893.80(4); *Voie v. Flood*, 589 F. Supp. 746, 750 (W.D. Wis. 1984). Because assault and battery are intentional torts, *Baranowski v. City of Milwaukee*, 70 Wis. 2d 684, 688, 235 N.W.2d 279, 281 (1975); *Salerno v. City of Racine*, 62 Wis. 2d 243, 245, 214 N.W.2d 446, 447 (1974), I will not allow Voss proceed against the county as to those claims. The negligent failure to provide medical care is not necessarily an intentional act, so I will allow Voss to proceed against the county on a respondeat superior theory as to that claim. Because municipal employees do not receive immunity for intentional acts of their agents, *Envirologix Corp. v. City of Waukesha*, 192 Wis. 2d 277, 293, 531 N.W.2d 357, 365 (Ct. App. 1995), I will allow Voss to proceed against Parks on a theory of respondeat superior as to Voss's claims for negligence, assault, and battery.[2]

As for the other proposed defendants, Voss doesn't explain how any of them have sufficient control over Kauer and Denovi to hold them liable under the doctrine of respondeat superior. And because I am not allowing Voss to proceed on any claims against Umlauf, it is unnecessary to consider which defendants could be held liable for his conduct.

---

[2] Section 893.80 may present other problems for Voss later in the proceedings. Section 893.80(4) grants immunity to both municipal entities and their employees for certain "discretionary" acts. *Engelhardt v. City of New Berlin*, 2019 WI 2, ¶ 22, — Wis. 2d —, — N.W.2d —. And § 893.80(1d) requires dismissal of a claim against municipal entities and their employees if the plaintiff doesn't satisfy notice of claim requirements. But the defendants must raise a failure to comply with § 893.80(1d). *Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 24, 235 Wis. 2d 610, 626, 612 N.W.2d 59, 69. And the question whether an act qualifies for discretionary immunity under § 893.80(4) is fact-intensive and subject to several limitations. *Engelhardt*, 2019 WI 2, at ¶ 29. So it would be premature to resolve either of these questions in the screening order.

**D. Fourteenth Amendment vs. Fourth Amendment**

In his complaint, Voss asserted claims under the Eighth Amendment, but it appeared from his allegations that he was not a convicted prisoner at the relevant time, so I analyzed his claims under the Due Process Clause, which applies to pretrial detainees. *Estate of Clark v. Walker*, 865 F.3d 544, 546 (7th Cir. 2017). But now Voss says that he was an arrestee rather than a detainee, so the court should have analyzed his claim under the Fourth Amendment.

I need not resolve this issue now. The standards under the Due Process Clause and Fourth Amendment are similar if not identical in this context. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (relying on Fourth Amendment case law to articulate standard under the Due Process Clause on excessive force claim). Regardless, I allowed Voss to proceed on all of his federal claims against Kauer and Denovi, so even if Voss was an arrestee at the relevant time and even if a Fourth Amendment standard would be more favorable to Voss, it would not change the scope of the case to analyze Voss's claims under the Fourth Amendment. If Voss believes that he can show that he was an arrestee and that there is a relevant difference between the two standards, he is free to raise the issue at summary judgment or trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Dante R. Voss's motion for reconsideration, Dkt. 7, is GRANTED in part. Voss may proceed on a state-law assault claim against defendants Nathan R. Kauer and John R. Denovi and claims against Marathon County and Scott Parks (Marathon County's sheriff) under a theory of respondeat superior. Voss's motion is DENIED in all other respects.

2. The clerk of court is directed to forward summonses, the complaint, Dkt. 2, the order severing the case, Dkt. 1, the original screening order, Dkt. 4, and this order to the U.S. Marshals for service on defendants Marathon County and Scott Parks.

3. Voss is now proceeding on the following claims:

   a. Defendants Nathan R. Kauer and John R. Denovi used excessive force against Voss, in violation of the Constitution and the Wisconsin common law of assault and battery; defendant Scott Parks may be held liable for the violations of state law under a theory of respondeat superior; and

   b. Kauer and Denovi failed to provide medical care to Voss, in violation of the Constitution and the Wisconsin common law of negligence; defendants Marathon County and Parks may be held liable for the violations of state law under a theory of respondeat superior.

Entered January 9, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge