IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

              Plaintiff,

v.

NATHAN R. KAUER, JOHN R. DENOVI, SCOTT PARKS, and MARATHON COUNTY,

              Defendants.

OPINION and ORDER

18-cv-848-jdp

---

Pro se plaintiff and prisoner Dante Voss is proceeding on claims that defendants Nathan R. Kauer and John R. Denovi used excessive force against him and then failed to provide medical care, in violation of both federal and state law. He is also suing defendants Scott Parks and Marathon County under a theory of respondeat superior.

Three motions are before the court: (1) Voss's motion for entry of default against Kauer and Denovi, Dkt. 14; (2) Kauer and Denovi's motion for an extension of time to file their answer, Dkt. 18; and (3) Voss's motion for sanctions, Dkt. 30. For the reasons discussed below, I will grant defendants' motion for an extension of time and deny Voss's motions for entry of default and sanctions.

The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Ilinois*, 473 F.3d 799, 811–12 (7th Cir. 2007). For this reason, a court may enter a default judgment "only when a party wilfully disregards pending litigation." *Id.*

There is no indication that defendants are willfully disregarding this case. In their motion for an extension of time, defendants explain that they failed to file an answer by the deadline because of the procedural complexities of the case, which was originally part of a much

larger case, No. 18-cv-540-jdp, until it was severed into two separate cases. Although the agent who accepted service gave defendants notice that Voss was allowed to proceed on claims in No. 18-cv-540-jdp, counsel did not receive notice that Voss had been allowed to proceed on claims in No. 18-cv-848-jdp. Defendants' conduct may have been negligent, but it was not willful. As soon as they realized their mistake, they filed an answer and asked the court to accept it.

Voss has identified no unfair prejudice that he will suffer by allowing defendants to file a late answer. The case is still in its early stages and defendants' answer was only a few weeks late. So I will grant defendants' motion to file a late answer and deny Voss's motion for entry of default. *See Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (affirming denial of motion for default judgment when the delay was short and there was no prejudice).

Alternatively, Voss asks the court to sanction defendants under Federal Rule of Civil Procedure 11 and award him $500. But Rule 11 applies when a party takes a frivolous position or acts in bad faith, *see* Fed. R. Civ. P. 11(b); it is not triggered by an answer that it is filed a few weeks late. And no sanction would be appropriate under the court's inherent authority because Voss hasn't shown bad faith or prejudice. Voss says that he "had to expend time and money to file and defend his pleadings regarding entry of default." Dkt. 30. But Voss's request for default was a single page. He filed a much lengthier reply brief, but that was nearly two months after defendants filed their answer. *See* Dkt. 29 and Dkt. 17. By that point, it should have been clear to Voss that he was not entitled to a default judgment. I will deny Voss's motion for sanctions.

ORDER

IT IS ORDERED that:

1. Dante R. Voss's motion for entry of default, Dkt. 14, and motion for sanctions, Dkt. 30, are DENIED.

2. The motion for leave to file a late answer filed by defendants Nathan R. Kauer and John R. Denovi, Dkt. 18, is GRANTED.

Entered April 17, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge