IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                       Plaintiff,

    v.                                                 OPINION and ORDER

NATHAN R. KAUER, JOHN R. DENOVI, SCOTT              18-cv-848-jdp
PARKS, and MARATHON COUNTY,

                       Defendants.

---

      Pro se plaintiff and prisoner Dante Voss is proceeding on claims that Marathon County, its sheriff, and two correctional officers violated his federal and state rights by using excessive force against him and failing to provide needed medical care when he was brought to the Marathon County jail in July 2016. Two motions are before the court: (1) defendants' motion for summary judgment on the ground that Voss failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a), Dkt. 34; and (2) Voss's motion to seal a portion of the record, Dkt. 41.

      I conclude that: (1) § 1997e(a) doesn't apply to Voss's state law claims; (2) defendants have failed to show that Voss failed to exhaust all available administrative remedies as to his claim under the U.S. Constitution for excessive force; and (3) Voss failed to exhaust his claim under the U.S. Constitution that defendants Nathan Kauer and John Denovi failed to provide medical care. So I will grant defendants' motion for summary judgment on Voss's federal medical care claim, but I will otherwise deny defendants' motion. I will also grant Voss's motion to seal medical records that defendants filed with their motion.

ANALYSIS

A. **Exhaustion of administrative remedies**

Voss is proceeding on the following claims: (1) defendants Nathan Kauer and John Denovi used excessive force against Voss when he arrived at the Marathon County jail, in violation of the Constitution and the Wisconsin common law of assault and battery; and (2) Kauer and Denovi failed to provide medical care to Voss after the use of force, in violation of the Constitution and the Wisconsin common law of negligence. Plaintiff is also suing Scott Parks and Marathon County under the doctrine of respondeat superior.

Defendants contend that they are entitled to dismissal of all of these claims because Voss failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

One qualification in § 1997e(a) that neither side acknowledges is that it applies only to claims "under section 1983 of this title, or any other Federal law." So § 1997e(a) doesn't apply to any of Voss's state law claims, and I will deny defendants' motion for summary judgment as to those claims. As for Voss's federal claims, I conclude that defendants have failed to show that they are entitled to dismissal of Voss's excessive force claim, but I will grant their summary judgment motion on his claim for inadequate medical care.

1.  **Excessive force**

Defendants acknowledge that Voss filed a grievance in which he complained about the July 2016 use of force. *See* Dkt. 38-2. But they say that Voss didn't file an administrative appeal, as required by the jail grievance policy. Voss says that he didn't file an appeal because he didn't know he was supposed to. Although he was aware that he could file a grievance, he never received a copy of the grievance policy or otherwise learned about a right to appeal.

"It is not incumbent on the prisoner to divine the availability of grievance procedures." *Hernandez v. Dart*, 814 F.3d 836, 842 43 (7th Cir. 2016) (internal quotations omitted). Rather, defendants must prove that jail officials informed Voss about what he was required to do to exhaust his administrative remedies. *Id.* In this case, defendants have not pointed to any evidence that Voss was aware of his right to appeal. They don't dispute Voss's statement that he never received a copy of the grievance policy and they don't cite testimony in their opening brief that anyone otherwise informed him that he could appeal a grievance.

In their reply brief, defendants cite a new declaration of the jail administrator, who avers that Voss "was notified of the jail rules including the grievance procedures" and that "[i]nmates who utilize the kiosk system to file grievances at the Marathon County Jail are again

3

informed via the kiosk system [about] the appeals procedures." Dkt. 59, at ¶¶ 5–6.[1] The administrator also avers that Voss had been housed at the jail several times before July 2016, *id.*, ¶ 4, which defendants say is evidence that he must have known how to complete the grievance process.

It is well established that a party may not rely on new evidence in a reply brief when the opposing party doesn't have an opportunity to respond. *Black v. TIC Investment Corp.*, 900 F.2d 112, 116 (7th Cir. 1990). But even if I consider the jail administrator's declaration, it doesn't show that Voss failed to exhaust his administrative remedies.

As for the statement that Voss "was notified of the jail rules, including the grievance procedures," the administrator provides no foundation for it. She doesn't allege that she informed Voss personally and she doesn't identify who did. In any event, informing a detainee that a grievance procedure exists is not the same thing as providing a copy of those procedures or informing the detainee of his right to appeal a grievance. The administrator's statement is simply too vague to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a).

As for the statement that detainees are "informed via the kiosk system [about] the appeals procedures," this is contradicted by the very grievance at issue. Defendants submitted a copy of the grievance and the jail's response to it. Dkt. 38-2. There is no information on the grievance or the response about Voss's right to appeal. And defendants have not submitted any other documents showing that detainees receive notice of their right to appeal. If the administrator means to allege that the "kiosk system" provides notice of the right to appeal in some other way, again, her testimony is too vague to create a genuine dispute.

---

[1] Defendants do not clearly explain what the "kiosk system" is, but it appears to be a computer through which inmates can file grievances and receive responses from grievance examiners.

Finally, the number of times that Voss was detained at the jail is not dispositive. Although defendants say that Voss filed various grievances while he was in the jail, they haven't identified a single example of an *appeal* that he filed. I cannot infer simply from the fact that Voss had been at the jail before that he knew about administrative appeals. Again, defendants must point to specific evidence that jail officials communicated that information to him or he otherwise knew it; they cannot rely on speculation.

Defendants have failed to meet their burden to show that Voss failed to exhaust his available administrative remedies as to his claim that defendants used excessive force against him. So I will deny defendants' motion for summary judgment as to that claim.

2.  **Medical care**

It is undisputed that Voss didn't file a grievance about defendants' failure to give him medical care after the use of force. Voss's grievance about the use of force—filed three months later—says that he is still in pain from the use of force, but he doesn't say anything about officers failing to give him medical care when the use of force occurred. Dkt. 38-2. And because Voss did file a grievance about the use of force, that shows that Voss knew he could file a grievance about his medical care too. For the same reason, I am not persuaded by Voss's argument that he couldn't file a grievance because he was on suicide watch. If Voss was able to file a grievance about the excessive force, he could have filed a grievance about the failure to provide medical care.

Voss also says that § 1997e(a) doesn't apply because his claim isn't about "prison conditions." He relies on 18 U.S.C. § 3626(g)(2), which defines the phrase "civil action with respect to prison conditions" to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on

the lives of persons confined in prison." He then says that he was not "confined in prison" at the time of the use of force because it occurred prior to the booking process. He cites *Titran v. Ackman*, 893 F.2d 145, 147 (7th Cir. 1990), for the proposition that "the completion of the booking marked the line between 'arrest' and 'detention.'" But *Titran* was addressing the difference between an arrestee and a detainee for the purpose of determining whether the Fourth Amendment or Fourteenth Amendment governed the plaintiff's claim. The case had nothing to do with § 1997e(a) or exhaustion.[2]

Voss's claim in this case is that jail staff refused to give him medical treatment while he was in a holding cell at the jail. Dkt. 1, ¶¶ 76–86. Regardless whether Voss had gone through the booking process, the claim relates to jail employees' treatment of him at the jail while he was in custody after being arrested. That is enough to qualify as a claim about his conditions of confinement. So I will grant defendants' motion for summary judgment on Voss's claim that defendants failed to provide needed medical care after the use of force. The dismissal will be without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

**B. Motion to seal**

Voss asks the court to seal Exhibit C to Sandra LaDu's declaration because it includes confidential medical information. Dkt. 41. Because that information is irrelevant to defendants' motion for summary judgment and I did not rely on it, I will grant Voss's motion.

---

[2] Under current law, it is a judicial determination of probable cause, not booking, that determines whether a claim is governed by the Fourth Amendment or Fourteenth Amendment. *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). Regardless, which constitutional provision applies is a separate question from whether a plaintiff is bringing a claim about prison conditions.

*See City of Greenville, Ill. v. Syngenta Crop Prot., LLC,* 764 F.3d 695, 697 (7th Cir. 2014) ("[W]e have limited the presumption of public access to materials that affect judicial decisions.")

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 34, is GRANTED as to plaintiff Dante Voss's claim that defendants Nathan R. Kauer and John R. Denovi failed to provide medical care to Voss and that claim is DISMISSED. The motion is DENIED in all other respects.

2. Voss's motion to seal Exhibit C to Sandra LaDu's declaration, Dkt. 41, is GRANTED.

Entered August 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge